### BEACH *against* NORTON :

#### IN ERROR.

### BEACH, administrator of *Hannah Beach, against* NORTON :

#### IN ERROR.

Two suits were brought on a promissory note payable to *B.*, who, at the execution of such note, was the wife of *A.*;—one by *A.* in his individual capacity, the other by *A.* as administrator of *B.* then deceased; both of which suits were served at the same time, returned to the same court, and were therein pending contemporaneously. The defendant pleaded these matters in abatement of each suit, averring that the cause of action in both suits was the same. The allegations of the plea were found to be true. Held, 1. that the averment as to the identity of the cause of action, was not to be rejected as inconsistent with the record; 2. that the parties in both suits, and the object and effect of both, were the same ; 3. that the plaintiff in thus commencing and prosecuting such suits, made an improper use of his legal process ; and consequently, that the pendency of each suit was good ground in abatement of the other.

*Litchfield,*
*June, 1830.*

Beach
*v.*
Norton.

THESE were actions on a promissory note of the following tenor : " For value received, I promise to pay Mrs. *Hannah Beach*, or order, five hundred and fifty-six dollars, on demand, and with interest.    *Goshen, May* 14th, 1823.

*Frederick A. Norton*, an executor on the estate of *Birdsey Norton*, deceased."

The declaration, in one suit, contained two counts.    The first count declared upon the note, describing it particularly, and averred, that said *Hannah* was then the wife of the plaintiff, and so continued until her death, in *January*, 1827.    The second count declared upon it as a note payable to the plaintiff.

The defendant prayed oyer of the note mentioned in each count, and recited it, and then pleaded in abatement, that another suit was brought by the plaintiff, as administrator of said *Hannah*, upon the same note, by writ of attachment, (which was set forth) for the same cause, served at the same time, by the same officer, on the same property, by the same act, and returned to the same court ; and that both suits were pursued by the plaintiff ; averring the identity of the parties, cause of action, &c.    This plea was traversed ; and the issue was found for the defendant.

A similar plea (*mutatis mutandis*) was filed in the other suit, brought by the plaintiff, as administrator of *Hannah Beach ;* which was traversed, and the issue found for the defendant, as in the first mentioned suit.

In both suits, judgment was rendered for the defendant ; and, on motion in error by the plaintiff, the cases were brought before this Court for revision.

*Bacon* and *P. Miner*, for the plaintiff, contended, 1. That the two suits were not for the same cause of action.    One is brought on a note payable to *Hannah Beach ;* the other, on a note payable to *Theron Beach*.    The averment in the plea in abatement as to the identity of the cause of action, being inconsistent with the record, is nugatory.    *Commonwealth* v. *Churchill*, 5 *Mass. Rep.* 182.

2. That the parties were not the same in both suits.    One is brought by *Theron Beach* in his individual capacity ; the other is brought by him " as administrator of *Hannah Beach*." Suppose the administrator had been a different person, and he had brought the suit ; would the party plaintiff be the same as in the suit brought by *Theron Beach* individually ? This will not

be claimed. But in that case, the *rights represented* would be the same as they now are. The rights being distinct, the plaintiffs are substantially different. *Theron Beach* individually, and *Theron Beach* as administrator of *Hannah Beach*, are as distinct party · plaintiffs, as *Theron Beach* and *John Stiles*. *Haight* v. *Langham* & al. 3 *Lev*. 304.

3. That if the suits were for distinct causes of action and the plaintiffs were distinct, it follows incontrovertibly, that neither suit could be abated by the pendency of the other.

4. That if the suits were for the same cause of action, and the plaintiffs were the same, though the pendency of one suit might be pleaded in abatement of the other, yet *both* suits could not be abated on that ground. It is as true that one of these suits is rightly brought, as that the other is not. The latter being disposed of, the former ought to proceed. *Haight* v. *Langham* & al. 3 *Lev*. 304. There is nothing *penal* in the rule of law regarding the abatement of contemporaneous suits. At any rate, by the law of this state, the pendency of a suit improperly brought or defectively served, is no ground of abating another suit, properly brought and correctly served. *Durand* v. *Carrington*, 1 *Root* 355.

*Benedict* and *T. Smith*, for the defendant, contended, 1. That in the cases before the Court there was but one plaintiff claiming the money in two distinct characters. The object of the suits is the same in which character soever the money is recovered. *Theron Beach* is not contending for this money in opposition to *Theron Beach* as administrator of his deceased wife. He might sue on the note in his own name, stating it to be a promise to himself; or as administrator, stating it to be a promise to her; but the judgment first recovered, either way, would bar the other. *Griswold* v. *Penniman* & al. 2 *Conn. Rep.* 564. Having, therefore, a choice of remedies, he must elect which he will resort to, and cannot proceed on both at the expense of the defendant. On a promise to *A.* as executor, he may sue in his own name, or as executor, but not both ways. In the case of *Haight* v. *Langham* & al. 3 *Lev*. 304. the objects and ends of the suits were different. In one, the remedy was against the personal estate; in the other, against the real. The pleas to the suits would be different. The obligor bound his executors: he bound also his heirs.

2. That where two suits are brought, at the same time, on

*Litchfield,*
June, 1830.

Beach
*v.*
Norton.

*Litchfield,*
June, 1830.

Beach
*v.*
Norton.

one instrument, or for one and the same cause of action, they mutually abate each other. Neither having priority of the other, and it being vexatious to harrass the defendant with two suits for one and the same cause of action, both must be dismissed. And this is the law, not only where the action is on the same instrument, but also in those cases where the plaintiff has a choice of remedies. *Hob.* 128. *Pye* v. *Cooke, Moore* 864. *Rawlinson* v. *Oriett* & al. *Carth* 96. 2 *Hawk. P. C.* 396. *sect.* 63. *Com. Dig. tit. Abatement.* H. 24. Case in the *Year Books,* 39 *H.* 6. 12. *pl.* 16. cited at length 5 *Mass. Rep.* 177, 8, 9. *in notis. Hart* v. *Granger,* 1 *Conn. Rep.* 154. *The Manhattan Company* v. *Landon, cor. Chapman,* J. in *Litchfield* county. 1 *Swift's Dig.* 611.

WILLIAMS, J. The defendant claims, that the plaintiff has commenced and is prosecuting two suits against him, where one would have effected the legitimate object ; and that the legal inference is, that they are vexatious.

It certainly is a principle not to be departed from, that a person having a *bona fide* claim must not use his legal rights in such a manner as to oppress the defendant. And though he may sometimes enforce them harshly or vindictively, the court will not permit a violation of established principles to aid him in this purpose. In criminal prosecutions, it is a maxim, that a man shall not be twice put in jeopardy for the same offence ; and in civil actions, that he shall not be twice vexed for the same thing ; (*Sperry's* case, 5 *Co.* 61.) or twice impleaded for the same thing. 5 *Mass. Rep.* 178. *in notis.* Does this case come within that principle ?

The defendant avers, that this plaintiff has two suits pending against him, for the same matter, cause and thing, commenced at the same time, by the same act, and both proceeded in and brought to the same court ; one of the suits being in his own name, the other in his own name also, but as *administrator* on the estate of his deceased wife.

Three questions arise upon these pleadings and judgments. 1. Can the defendant legally make the averments contained in his plea ? 2. Does the fact, that in one case the plaintiff is named " administrator," make any difference ? 3. What is the effect of the facts found as to these suits ?

The plaintiff claims, that by the declarations, the suits appear to be on different notes, and that the defendant cannot be permitted to aver a fact contrary to the record ; and that as they do

not appear to be the same promises, or made to the same person, the defendant has no right to treat them as such ; and in support of this idea, the case of *The Commonwealth* v. *Churchill*, 5 *Mass. Rep.* 182. is cited.

*Litchfield,*
June, 1830.

Beach
*v.*
Norton.

In that case, the note upon which the indictment was founded, was a note payable at *ninety days;* the note described in the plea, was a note payable at *ninety-three days;* and the Chief Justice says : " It appears that the contracts are not the same, but *substantially* different ; and an averment that they are the same, is against the record." As in *Massachusetts*, no days of grace are allowed, it is evident, that these notes could not be the same ; and the averment was, of course, against the record. But in the case before the Court, the note is described as a note given to the plaintiff, and as a note given to the plaintiff's wife during coverture ; and if a note given to the wife is in law a note to the husband, and may be declared on as such, then there is nothing contrary to the record in the averment that the notes declared on are the same. In *Griswold* v. *Penniman*, 2 *Con. Rep.* 566. it is said, that where a note is given to the wife, the husband can maintain an action in his own name, and the property absolutely vests in him. Upon inspection, therefore, of these records, so far from substantially appearing, that the suits or counts are for different causes, they appear to me to be for the same cause. And when in one count, he declares on a note to himself, and in the other, on a note of the same description payable to his wife, the fair inference is, that the notes are the same ; and although each count does not show, that the note was given to the wife, yet there is nothing in either count contrary to that idea. Of course, there is in the plea no averment contrary to the record, or inconsistent with the facts alleged. Anciently, the distinction was taken between writs, that comprehend certainty, and those which comprehend no certainty ; but now, where a plaint or declaration reduces it to a certainty, these writs stand on the same ground as the others. Thus, in an action of trespass for a horse, which, by the declaration, is reduced to a certainty, it is a good plea to the writ, that there is a replevin depending for the same taking, and an averment is allowed that it is all one and the same taking ; and yet there may be several takings on the same day. *Sperry's* case, 5 *Co.* 62.

In this case, there is nothing in the counts, which shews, that the notes are not the same : upon oyer, they appear to be the

same ; and there seems no more reason why the defendant should not be allowed to make the averment that they are the same, than in the case of trespass above cited. Such averments are constantly made, where a former recovery is pleaded in bar. *Lechmere* v. *Toplady,* 2 *Ventr.* 169, 170. *Kitchen* v. *Campbell,* 3 *Wils.* 304. 308. S. C. 2 *Bla. Rep.* 827. 830. And no reason appears why the same principle is not applicable in pleas of abatement. Certainly, you can no more contradict the record in one case than in the other. And unless such an averment is allowed, the defendant must be deprived of the benefit of the humane maxim so often referred to, *nemo bis vexari, pro eadem causa.* And in a case cited below, the averment is made in a plea of abatement. *Freem.* 402.

But it is said, that the plaintiff sues in different rights ; and therefore, may maintain both suits ; in support of which is cited the case of *Haight* v. *Langham* & al. 3 *Lev.* 304. That was an action of debt against the wife, as heir to *B.* The defendant pleaded in abatement, that a suit was pending against the husband and others, as executors of *B.;* and the plea was overruled. In that case, the parties were not the same ; for although the husband was joined with the wife in one case, as he must be where she is a defendant, the wife was not a party in the other case. There is also another circumstance more important. The funds from which satisfaction was to be obtained, were entirely different. One suit sought the assets in the hands of the executor ; the other the assets in the hands of the heir. Both might be absolutely necessary to satisfy the claim ; as neither might have had sufficient funds to pay the debt. It is said, indeed, that both heir and executor shall not be *charged* ; for it is added, that if the obligee is satified by one, the other shall be discharged by *audita querela. Plowd.* 440. By this it would seem, that both might be sued, though only one satisfaction can be had. That authority, therefore, does not support the distinction. It is said, however, to be reasonable, as the heirs of Mrs. *Beach* claim the avails of this note, and *Beach* also claims them. Now, if the recovery by *Beach* as an individual, or by *Beach* as administrator, was to settle that question, this argument would have great weight. But if *Beach* recovers in his own name, as he certainly may, according to the case of *Griswold* v. *Penniman,* he must be accountable to the heirs of Mrs. *Beach,* (if they have any claim) as much as if payment had been made to him voluntarily. If they are owners, their

rights cannot be divested, by the manner in which he acquired the property; and a judgment in his favour against *Norton* would not be evidence against them, or affect their claim upon *Beach.* And it is much more reasonable that the representatives of Mrs. *Beach* should litigate this question among themselves, than that the defendant should be put to that expense, who is in no way interested in the dispute between her husband and her heirs.

It is further said, that if the administrator was a different person from *Theron Beach,* he and *Beach* might each bring this suit. So too, if there be two suits against several different persons, as executors of the same testator, it has been held, that they could not be pleaded in abatement one to the other. *Com. Dig. tit.* Abatement. *H.* 24. But does it follow from this, that two suits against the same person as executor, would not abate? Besides, it frequently happens, that two persons may claim the same property, and commence suits for it, at the same time; but this does not prove, that if one claims the property he should be allowed two suits to recover it. In the former case, the object can in no other way be obtained;—for if *A.* and *B.* both claim the same property of *C.,* a recovery by one of them, will not bar the suit of the other. It will, however, hardly be claimed, if *Theron Beach* should recover in this suit, that *Theron Beach, administrator,* could recover in the next. Here the same plaintiff directs and controuls both suits, and recovers the avails of them. But if a third person was administrator, and claimed the money, that would naturally lead *Beach* also to attempt to establish his claims; and a court of chancery, upon a bill of interpleader, would take care that the defendant should not be at the expense of settling this dispute.

Again, it is said, that the defendant may relieve himself from this embarrassment by paying the money. Is it, by this plea, admitted, that any thing is due? And if it is, and this argument is admissible, what plaintiff but may make the same reply? And what suit ever could abate, on account of the pendency of another?

It is also said to be doubtful, whether the right of action is in the husband, or in the administrator. 2 *M. & S.* 396. note. However this question may be in *England,* it seems to have been settled in this Court, by the case of *Griswold* v. *Penniman.* But even were the question a doubtful one, the plaintiff

*Litchfield,*
June, 1830.

Beach
*v.*
Norton.

cannot be permitted to allege his ignorance of the law as an excuse for the violation of its maxims. To allow this would be to encourage ignorance, and proclaim impunity to crimes.

Finding then the parties in both suits to be the same, the object of both suits to be the same, and the effect of both suits to be the same ;—connecting these facts with the presumption of the law, that the party is apprised of his legal rights ; the legitimate inference is, that the plaintiff is making an improper use of legal process.

And the next enquiry is, what shall be the consequence ? Where one suit is brought after, and pending another, it is but reasonable (says *Edmond,* J., in *Hart* & al. v. *Granger,* 1 *Conn. Rep.* 174.) that the prior suit shall abate the latter. Such, indeed, is the settled rule.

It is claimed, that as one suit only abated in this case, so here one only should abate. The authorities do not support this position. The case cited at the bar of two informations exhibited the same day, for the same cause, seems perfectly analogous. There it was decided, that the pendency of the other might be pleaded reciprocally, the one to the other; there being no precedency in the suit for either, judgment should be given for neither. *Hob.* 128. *Com. Dig. tit.* Abatement. *H.* 24. Or, as is said in *Pye* v. *Cooke, Moore* 864, 5. the defendants shall answer neither. Vid. 3 *Burr.* 1434. This was an information ; but it is difficult to see any reason for a distinction. The authority of the *Year Books,* cited 5 *Mass. Rep.* 179. is also very much in point. " If," (says *Prisot*) " two several writs for the same thing be purchased, then he shall lose issues on both suits." " And I lay it down as a principle, that if one purchase two assises against me, bearing date the same day, and returnable the same day, and the plaintiff appear to both, both shall abate, and so of a *precipe quod reddat,* and of a plea personal." The other judge differed so far as to say, that if the plaintiff *would be nonsuit as to one,* the other should stand. So that it would appear, that in a case like the one now before the Court, all concurred, that where the plaintiff *proceeded in both,* both should abate.

But we are not left to analogous cases, or to general opinions. The precise point has been decided, by a judge, whose name is never mentioned but with respect. The city of *London* brought two actions against the defendant, at the same time ; in one they prescribed for two pence a hundred to be

paid for *alienigenas*, and in the other, the prescription was laid for the payment of said duty, *tam per indigenes quam alienigenas ;* and the defendants averred, that both were for the same duty, and so pleaded one in abatement to the other mutually, and so they were both abated. And it was said *per Hale :* " That if the prescription be laid for the payment *per alienigenas*, if the evidence prove a presumption *tam per indigenes, quam alienigenas*, this will maintain the issue." *The Mayor and Commonalty of London* v. *B. Freeman*, (*B. R.*) 401. In the language of another reporter : " The duty being the same, and for the same goods, it is ill ; but had it been in one declaration several ways, it would have been well enough." *City of London* v. *De Costa*, 3 *Keble* 491.

The question seems then to be settled, by authority, that both suits must abate. And although at first, the rule seems harsh, it appears upon examination to be in conformity with principle. One suit, it is clear, ought to abate. Are the Court to make a selection ; especially, without hearing those persons who are most interested in the question, though not concluded by the judgment ? If it be true, that as the plaintiff is bound to know the law, the legal inference is, that the suits are vexatious, the Court cannot be called upon to settle the account and adjust the balance of vexation between them. The true course seems to be, to leave the parties where they originally were. This is the only effectual mode of preventing similar experiments, and of vindicating the law from the reproach of suffering its process to become the instrument of oppression.

I am, therefore, of opinion, that there is no error in the judgments complained of.

The other Judges were of the same opinion.

Judgments affirmed.