## ALONZO DE CAMP v. HELEN J. MILLER.

1. The small cause court has jurisdiction where the damages laid in an action for tort do not exceed $200, although the trespass or injury may be to property of greater value.
2. In the Common Pleas, on appeal, a party cannot set up, in abatement of the suit, a former action pending, unless the objection was taken before the justice.
3. A judgment of a justice, appealed from and undetermined, cannot be given in evidence to bar recovery in another suit on appeal, for the same cause of action.

On *certiorari* to Middlesex Common Pleas.

Argued at June Term, 1882, before Justices SCUDDER and KNAPP.

For the plaintiff in *certiorari*, *A. H. Strong*.

The opinion of the court was delivered by

KNAPP, J.  This proceeding reviews the judgment of the Court of Common Pleas of Middlesex county, in a suit origi-

nally commenced by the defendant in *certiorari*, against the plaintiff, in a court for the trial of small causes. Judgment was rendered for the plaintiff below, for the sum of $200, from which judgment the plaintiff in *certiorari* appealed. On the trial of the appeal, the plaintiff below again succeeded in recovering judgment. The action was in tort, for the unlawful seizure and sale of the plaintiff's property, and her damages laid at $200. Upon the trial of the appeal, the defendant below offered to prove, in abatement of the action, that an action of debt for money had and received had been brought by the plaintiff against the defendant, before a justice; the recovery of a judgment therein, in all things concurrently with the present action, from which judgment an appeal was also pending and undetermined in the same court; that the suit and recovery were for the proceeds in defendant's hands, from the sale of the goods of the plaintiff, such sale being the tort complained of in the present action. This offer the Court of Common Pleas overruled, and proceeded with the cause upon the merits. Under the evidence adduced by the plaintiff, it appeared that *the value of the goods* alleged to have been tortiously taken, exceeded considerably, in amount, the limit of the justice's jurisdiction. When the plaintiff rested, the appellant moved to dismiss the action for the reason that the subject of controversy exceeded the value of $200. This motion the court also overruled. The defendant again offered the judgment in the action of debt, and also offered to prove that it was for the same cause of action. This evidence the court refused to receive. The reasons principally relied on for reversing the judgment are, the refusal of the court to receive evidence of another action pending for the same cause, denying the motion for non-suit, and the rejection of the evidence of the judgment in the action of debt, in bar of a recovery in this suit.

As to the first, the plea of a former action pending between the same parties for the same cause, is good in abatement of the suit. 1 *Chit. Pl.* 454.

And there are cases holding that where two suits are

brought simultaneously, each abates the other, and the plaintiff, as the just penalty of the misuse of the process of the court, is turned about in both cases, and put back upon his starting-ground. *Beach* v. *Norton*, 8 *Conn.* 71; 1 *Chit. Pl.* 454, *n.* 5.

And a judgment rendered in such former suit, operating as a merger of the ground of action, is pleadable in bar of a recovery upon the claim so extinguished. *Barnes* v. *Gibbs*, 2 *Vroom* 317.

But it seems to me that the defendant in the Common Pleas was not in a position to offer this evidence in abatement of the suit in that court. The Common Pleas, on appeal, retires the cause upon the issues made in the court below. And where facts exist which, in law, abate the suit, the party, if he would avail himself of that ground, must do so in the court below. He cannot proceed to trial on the merits there, and failing, plead in abatement in the appellate court.

No such issue appears to have been made before the justice, but the trial proceeded there upon the merits, and the court, on appeal, rightfully refused leave to present this dilatory plea, then for the first time.

Nor do I think it erroneous in the appellate court to have refused the evidence of the other judgment, in bar of the plaintiff's right of recovery, although a judgment had been rendered by the justice. The defendant, as the case shows, had not submitted himself to that judgment, but the litigation was still pending on his own appeal, and undetermined, before the same court; and for aught that appears, that appeal may have been stayed by that court until the determination of this. On the recovery of judgment in this suit, an appeal may have been set up as a bar to the other.

A former judgment or recovery is in bar of another action for the same cause, between the same parties. One may not have two judgments for the same right. In legal theory, a ground of suit no longer exists after judgment recovered upon it, but is merged and extinguished in such judgment, and can no longer be the foundation of a suit. It is, how-

ever, a judgment already recovered, and in full force, except satisfied, that bars the action for the same cause.

While several suits for one cause, commenced at the same time, abate each other, it is only the recovery in one that bars recovery in another. The judgment sought to be put in evidence had in it such force only as attached to a justice's judgment subjected to appeal. Such a judgment has force for some purposes. When an appeal is dismissed for want of prosecution, the judgment before the justice stands good. *Lum* v. *Price*, 1 *Harr.* 195. In a prosecution for a second offence, in the illegal sale of spirituous liquors, it was held that a former judgment for the same offence, although appealed from, was legal proof of a first offence committed. *Murphy* v. *Montclair*, 10 *Vroom* 673.

The pendency of proceedings in error cannot be pleaded in bar of suit upon the judgment brought under review. *Suydam* v. *Hoyt*, 1 *Dutcher* 230.

But the force and effect of a justice's judgment, when appealed from, is suspended so far that, while the appeal remains undetermined, the party in whose favor the judgment is cannot in any way use or enforce it, and it is extinguished by a new judgment in the Pleas. The language of the cases upon the subject is that an appeal regularly taken supersedes the judgment of the justice. *Vannoy* v. *Givens*, 3 *Zab.* 201; *Strader* v. *Freeholders of Sussex*, 3 *Green* 433; *Ten Eyck* v. *Farley*, 1 *Harr.* 269.

If, in this state of suspense, the judgment is not available for any purpose, to the appellee, it is not perceived how the appellant, who has superseded it by his appeal, can use it, as he proposed to do, in this case.

On the other point, that the matter in controversy exceeded the jurisdiction of a justice of the peace, and therefore of the Common Pleas, on appeal, I think the court below was clearly right in refusing the application to non-suit. The matter in controversy did not exceed $200. The action is in tort; the damages are unliquidated, and the plaintiff in such action is permitted to limit the amount of recovery by the

demand which he makes; and when, in such action, the damages are laid at a sum within the justice's jurisdiction, that becomes the amount in controversy, although the tort may respect property in value much beyond the amount of the court's jurisdiction. Interest by way of damages may be waived, to bring a case within the range of a justice's cognizance. *Howell* v. *Bunnell, Spenc.* 265.

The entry of judgment for $207 was wrong. But the plaintiff had not demanded it, and offered to remit the excess beyond $200. This he should be allowed to do. The excess was probably for the costs below, or for interest on the former judgment. In either case, it would be severable from the other. The judgment should be affirmed for $200 and costs, the plaintiff remitting the excess.