Robbins v. Conley.

B. F. ROBBINS *et al.*, Respondents, v. THOMAS CONLEY,
Appellants.

**Kansas City Court of Appeals, January 18, 1892.**

1    Jurisdiction: JUSTICES' COURTS : SPLITTING DEMAND : DISMISSAL.
Plaintiffs merchants, having a merchandise account against the
defendant of three months' duration, amounting to six hundred
and odd dollars, divided it into three amounts, each within the
jurisdiction of a justice of the peace, and for each of said amounts
instituted a separate suit in the justice's court at the same time.
The three suits were for the same identical cause of action, and
*held*, the justice acquired no jurisdiction in either suit, and the
circuit court should, on appeal, have dismissed said action.

2    Abatement: SEPARATE ACTIONS ON ONE CAUSE OF ACTION.    The
law abhors a multiplicity of actions ; and, wherever it appears
that plaintiff has sued out two writs against the same defendant
for the same thing, the second writ shall abate.   Where the sev-
eral suits are instituted at the same time, they all abate.

*Appeal from the Bates Circuit Court.*—HON.   D. A.
DEARMOND, Judge.

REVERSED AND REMANDED ( *with directions* ).

*N. F. Heitman*, for appellants.

(1)   Jurisdiction cannot be obtained before a jus-
tice of the peace by dividing a claim, and bringing several
suits at the same time for parts of the same claim.   If
justice had no jurisdiction of the entire cause of action,
he could have none of any of the three parts into which
it was divided by plaintiffs ; because a single cause of
action cannot be severed so as to confer jurisdiction on
justice.   The above rule, that one having a single cause
of action may not divide it, and thereby confer jurisdic-
tion upon a court of limited jurisdiction, is well settled.
*Dillard v. Railroad*, 58 Mo. 73 ; *Fenton v. Railroad*,

72 Mo. 260 ; *Grason v. Williams,* Walker ( Miss.) 298 ;. *Morris v. Shyrock,* 5 Miss. 581 ; *Scofield v. Pensons,* 26 Miss. 402 ; *Kearns v. Heitman,* 104 N. C. 332 ; High's Ex. Leg. Rem. [ 2 Ed.]; R. S. 1889, sec. 778, p. 620 ;. *Hutson v. Lowry,* 2 Va. 42. (2) The test is whether there is a single cause of action or more than one. Plaintiffs' account was a running account at their store, and the balance due was largely in excess of justice's jurisdiction. A running account constitutes but one cause of action. *Mackey v. Hyatt,* 42 Mo. App. 443 ; *Stine v. Austin,* 9 Mo. 558 ; *Carron v. Steamboat,* 16 Mo. 256 ; *Boylan v. Steamboat,* 40 Mo. 244, 251 ; *Ring v. Jamison,* 2 Mo. App. 584; *Lee v. Taunenbaum,* 62 Ala. 501 ; *Bendernagle v. Cocks,* 19 Wend. 206; *Stevens v. Lockwood,* 13 Wend. 646; *Guernsey v. Carver,* 8 Wend. 492 ; *Bunnel v. Pinto,* 2 Conn. 431 ; *Lane v. Cook,* 3 Day ( Conn.) 255 ; *Barngesser v. Harrison,* 12 Wis. 544 ; *Bonsey v. Woodsworth,* 18 C .B. ( Eng.) 325. ( 3 ) There is a distinction between the case, *first,* where the entire demand, which is split up into several suits, exceeds the jurisdiction of the court wherein the several suits are brought, and, *second,* where the entire demand, which is split up into several suits does not exceed the jurisdiction of the court wherein the several suits are brought. The first case raises a jurisdictional question ; the second does not raise a jurisdictional question. The first case violates two rules of law ; the second violates only one rule of law. ( 4 ) Where several suits are brought on the same cause of action at the same time, each suit abates the others, for the reason that they are vexatious. *Beach v. Norton,* 3 Conn. 71 ; *Davis v. Dunkle,* 9 N. H. 545.

*Holcomb & Smith,* for respondents.

( 1 ) Admitting that there was but one account against defendant, running from the date of the first item in this suit to the date of· the last item in suit

number 48, as stated in appellants' brief, and that such running account amounted to $614.44, yet plaintiffs could sue on the first items of the account which did not exceed in amount the jurisdiction of the justice's court, and recover that sum even though other suits had been brought for the balance due on the other and later items of the account. Judgment on the first items of the account could only have the effect, and did have the effect, to bar a recovery in the other suits for the balance due on the whole account. *Skeen v. Thresher Co.*, 42 Mo. App. 158, 164; *Flaherty, Adm'r, v. Taylor*, 35 Mo. 447; *Ry. & Trans. Co. v. Traube*, 59 Mo. 355; *Mackey v. Hyatt*, 42 Mo. App. 443, 446; *Denny v. Eckelkamp*, 30 Mo. 140; *Hempler v. Schneider*, 17 Mo. 258. (2) There is nothing to hinder a creditor from suing for part of his account, and judgment on part has the effect of a *remittitur* for the balance. *Matlock v. Lare*, 32 Mo. 262.

GILL, J.—Plaintiffs, who were merchants at Rozier, Bates county, Missouri, on August 22, 1890, held an account against defendant Conley, for goods sold him during the three months preceding, with a balance due thereon of $614.71. On said day plaintiffs went to a justice of the peace, and in order to come, as they thought, within the justice's jurisdiction, divided the account in three parts, including in one certain items amounting to $216.41, in another, charges amounting to $227.61, and in still another, the remaining items of the account amounting to $170.69. And on these various divisions plaintiffs then and there, at the same time, instituted before the justice of the peace three different suits.

On the return day the justice entered three separate judgments against the defendant, from which the defendant appealed to the circuit court. In the circuit court defendant filed his motion in each of the said cases, asking the court to dismiss the same for want of

jurisdiction in the justice, for the reason that plaintiffs had attempted to confer jurisdiction on the justice by dividing the one cause of action (which amounted to $614.71) into three parts, and bringing the said several suits at the same time for said parts of the same account. This motion was overruled, and defendant saved his exceptions. Thereupon, defendant filed an answer in each case, setting up the same matter in defense, but all to no avail; the circuit court proceeded and rendered judgment for the plaintiffs, and therefrom defendant has appealed to this court.

This was clearly an effort by the plaintiffs to avoid the well-known provisions of our statutes relating to the jurisdiction of courts. They held the one claim, which was one, and only one, cause of action for an amount beyond the jurisdiction of the justice, and which was under the law alone cognizable by the circuit court; but the attempt was made, by dividing this one cause of action into three separate matters of complaint, to give the justice jurisdiction of that which the law provides he shall not have. It has been repeatedly held that this cannot be done. The plaintiff may voluntarily renounce the excess, and thereby bring the demand within the jurisdiction of the inferior court. *Hempler v. Schneider*, 17 Mo. 258 ; *Denny v. Eckelkamp*, 30 Mo. 140. But the proceeding here by the plaintiffs was quite the reverse of this. They did not renounce or voluntarily remit any of their claim, but sought to enforce payment of the whole, in a court which had no jurisdiction of that amount, by dividing up the cause of action. These three suits were then each for the same identical cause of action. And having brought three several suits, at the one time, for the same cause of action, the question is, ought they not *all* to be dismissed? Did not each abate the other? The authorities, we find, uniformly hold the affirmative of this proposition. If two or more suits be brought on the same cause of action at the same time, then the rule is that each may be pleaded

in abatement of the other. 1 Bacon's Abr., p. 30, and cases cited; *Beach v. Morton*, 8 Conn. 71; *Davis v. Dunkler*, 9 N. H. 545; *Hutson v. Lowry*, 2 Va. Cases, 42; *Kearns v. Heitman*, 104 N. C. 334.

This just rule has for its basis the well-known maxim, that parties shall not be twice vexed for the same thing. If the institution of the several actions are not the same in point of time, then the first brought will be considered as having occupied the ground, and the tendency of such first suit will have the effect to abate the subsequent actions; for "the law abhors a multiplicity of actions; and, therefore, whenever it appears that the plaintiff has sued out two writs against the same defendant for the same thing, the second writ shall abate; for if it were allowed that a man should be twice arrested, or twice attached of his goods for the same thing, by the same reason he might suffer *ad infinitum*." 1 Bacon Abr., p. 28. But in a case like this ( where the vexatious suits are brought at one and the same time) there is no priority, no one of the pending cases has precedence over the other; which then should be dismissed? One suit, it is clear, ought to abate. The court cannot make a selection. "The true course seems to be," as stated in *Beach v. Norton*, *supra*, "to leave the parties where they originally were; this is the only effectual mode of preventing similar experiments, and of vindicating the law from the reproach *of* suffering its process to become the instrument of oppression."

The judgment then of the circuit court will be reversed, and the cause remanded with instructions to sustain defendant's motion to dismiss the action. All concur.