SHEPARD, RECEIVER, *v.* THE MERIDIAN NATIONAL BANK ET AL.

[No. 17,784.   Filed November 23, 1897.]

ABATEMENT OF ACTION.—*Other Action Pending.*—Where two complaints are identical, the relief demanded is the same, and the parties are the same, except in one case the plaintiff is styled receiver, and in the other trustee, the prior will abate the subsequent action.

From the Marion Superior Court. *Reversed.*

*Henry N. Spaan* and *William A. Ketcham*, for appellant.

*A. C. Harris* and *Frank Cutter*, for appellee.

HOWARD, C. J.—The complaint in this case is the same as that in the case of *Shepard, Trustee,* v. *Meridian National Bank, post,* 532. For the reasons given in that case we are of the opinion that the court in this case also erred in sustaining the demurrer to the complaint. We think, as there said, that it has not been satisfactorily shown that appellant, as receiver, had not authority to take possession, not only of funds due John E. Sullivan and not collected by him, but also of all trust funds to which Sullivan was entitled, whether he had collected them or not. As receiver, he was trustee of all assets belonging to Sullivan as clerk; and there does not seem to have been sufficient reason at any time to distinguish between his duties as trustee and his duties as receiver. The appointment was a single appointment, whether the appointee be called a receiver or a trustee, or both.

The appellee bank in this case filed a plea in abatement to the complaint, to which plea a demurrer was sustained; and appellees have assigned this ruling as cross-error, and ask that in case the judgment is reversed this ruling also be reversed. We are of the

opinion that appellees are justified in making this request. The two complaints are identical, the relief demanded is the same in each case, and the parties are the same also, except that the plaintiff in this case is styled receiver instead of trustee. This exception, so far as the facts in the cases are concerned, is a distinction without a difference.

In such a case, as said in *Beach* v. *Norton*, 8 Conn. 71: "It is but reasonable that the prior suit shall abate the latter." See, also, 1 Ency. Pl. and Prac. 750.

The judgment is reversed, with instructions to overrule the demurrer to the plea in abatement and the demurrer to the complaint, and for further proceedings.