## MARY DENGLER v. JAMES L. HAYS.

Argued November 2, 1898—Decided February 27, 1899.

If two suits be instituted at the same time on the same cause of action by the same plaintiff against the same defendant, but one of them is against the defendant in his personal capacity and the other is against him in an official capacity, so that the judgments in the suits would be capable of reaching different funds, a plea which shows this difference in the nature of the suits and sets up the pendency of the one in abatement of the other is bad.

On demurrer to plea.

Before MAGIE, CHIEF JUSTICE, and Justices GARRISON and DIXON.

For the plaintiff, *Edwin A. S. Lewis.*

For the defendant, *Edward Q. Keasbey.*

The opinion of the court was delivered by

DIXON, J.   To the declaration in this case the defendant pleads in abatement that simultaneously with the institution of this suit the plaintiff instituted in this court another suit on the same cause of action against the said defendant, describing him as receiver of the real and personal estate of Roswell W. Holmes, which other suit is still pending, and the plaintiff demurs.

While the authorities hold that if two suits be instituted at the same time upon the same cause of action by the same plaintiff against the same defendant, the pendency of each may be pleaded in abatement of the other, yet if the characters in which the defendant is sued be different, so that the funds from which satisfaction of the judgments is to be obtained are different, then the rule is not applicable.   Thus, in the two suits brought by *Haight* v. *Langham et al.,* 3 *Lev·*

303, 304, the defendants were sued in one as the heirs of Bostock and in the other as the executors of Bostock, and because the judgment in one case would reach the real estate and in the other the personal estate left by Bostock, the court held that both could be maintained, saying, " seeing one and the same person represented, as well the heir as the executor, it is all one as if it were in divers persons."

The opinion in *Beach* v. *Norton* and *Beach, Administrator,* v. *Norton,* 8 *Conn.* 71, which were suits brought, one by Beach and the other by Beach as administrator of his wife, on a note given to the wife during coverture, is not inconsistent with the case in Levinz, for the Connecticut court held the pleas in abatement to be bad on the ground that the same person as plaintiff controlled both suits, and recovery in one would answer every purpose of recovery in both.

In the present case the plea, we think, does not show this condition of things, but rather runs parallel with Haight *v.* Langham et al. It alleges that in the other suit Hays is described as the receiver, &c. As pleadings when doubtful are to be construed most strongly against the pleader, and pleas in abatement must be certain to every intent, the proper inference from this allegation is that in the other action the defendant is sued as receiver, while in this he is sued as an individual.

Now, a suit against a person as receiver is, in substance, a suit against the party whom he represents as receiver and is designed to obtain satisfaction out of the property which he holds in his official capacity (*Bartlett* v. *Keim, Receiver,* 21 *Vroom* 260), while a suit against the same person as an individual is designed to reach only his private property.

Hence, even if we accept as true the averment of the plea that the other suit is against " the said defendant," yet, as the plea shows it to be against him in a different character from that in which he is sued in this action, the plea is bad and the defendant must answer over.