Hempler *v.* Schneider.

———+•••+———

HEMPLER, Respondent, *vs.* SCHNEIDER, Appellant.

1. A. executed to B. a note "for goods received by C.," payable "in case C. should not return to St. Louis within fifty days." C., owing to sickness, did not return within fifty days, but did soon after, and executed his own note to B. for the goods. *Held,* A. is liable to B. for the full amount of his note, whether B. sustained any damage by C.'s not returning within the time or not; nor did the giving of the note by C. discharge A.; nor the verbal declaration of B. that A. was free.

2. A party may give jurisdiction to an inferior court by a voluntary renunciation of a part of his demand.

*Appeal from St. Louis Law Commissioner's Court.*

*F. Spies*, for appellant. 1. The taking of a note by Hempler from Nauman, after his return, was a satisfaction of the debt for which Schneider was security, and operated to discharge him. 2. The fictitious credits given by Hempler on the instrument sued on, did not give the law commissioner jurisdiction. *Ramsay* v. *Court of Wardens*, 2 Bay (S. C.) 180. *Sanders* v. *Stratton*, 2 Penn. 528: *Coleman* v. *Purcell*, ib. 561. *Simpson* v. *McMullin*, 1 Nott & McCord, 192. An agreement of the parties cannot give jurisdiction. *Lindsey* v. *M: Clelland*, 1 Bibb, 262. *Bent's Executors* v. *Graves*, 3 McCord, 280. *Foley* v. *People*, Breese, 31. *Folkenburg* v. *Cramer*, Coxe, 31. *Parker* v. *Munday*, ib. 70. Much less can one party, without the consent of the other, give jurisdiction.

*S. H. Gardner*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

This was an action commenced by Hempler, the plaintiff, against Schneider, on a note, in the German language, of which the following is a translation : " I, the undersigned, bind myself to pay to Heinrich Hempler, for Wilhelm Nauman, the sum of two hundred dollars, for goods received, in case that Wilhelm Nauman does not return to St. Louis within fifty days from to-day. In case said goods should be damaged by fire or water, I do not hold myself bound to pay the above security ; for all such damages H. Hempler will alone bear the damages. ' " CASPAR SCHNEIDER.

" St. Louis co., 5th April, 1852."

On this note, there was the following endorsement : ·

" Received on this, fifty dollars.

" HEINRICH HEMPLER."

It appears that Hempler delivered goods to Nauman for the purpose of peddling, and that Schneider, on his behalf, execu-

ted to Hempler the note set forth above. Nauman, from sickness and other unavoidable accidents, did not return to St. Louis within fifty days from the date of the note, but in a shor time after did return. After his arrival, he executed to Hempler a negotiable note for the sum of two hundred dollars, the amount of the bill for the goods received of him. There was some evidence of a conversation between Hempler and Schneider, in which Hempler was heard to say, " you are free now ;" this was after Nauman had given his note to Hempler. Nauman had never paid any thing to Hempler for the goods. On this evidence, after instructions not deemed material to notice, there was a verdict for the plaintiff.

1. This court is not aware of any law, which would justify it in releasing men from their lawful contracts, unless in cases of fraud, imposition, accident, or mistake in their creation. The plaintiff may have sustained no damages in consequence of Nauman not having returned in fifty days, but there was a sufficient consideration for his undertaking, and he must abide the consequences of his own bargain deliberately entered into. Where a certain sum is to be paid, and becomes due, as liquidated damages on the violation of an agreement, it seems that, at law and in equity, both parties must abide by the stipulation, and that a jury is bound to give damages to the full amount of the sum prescribed. *Lowe* v. *Peers*, 4 Burr. 2229.

It is not perceived on what ground the defendant can avail himself of the fact of the plaintiff's having received a negotiable note from Nauman.

The declaration of the plaintiff to the defendant that he was free, even if made respecting this transaction, cannot operate to discharge him.

2. From time out of mind the practice has prevailed in this state, of giving jurisdiction to inferior courts, by a voluntary renunciation of a part of a demand. And, judging from the spirit of our legislation, this, so far from being contrary to the policy of our law, is in strict harmony with it. We are aware of the opinions that have been held elsewhere in relation

to this matter, but although it is a subject of daily occurrence, a case is not remembered in which the question ever before found its way to this court. The judgment is affirmed. The other Judges concur.