DENNY, Respondent, v. ECKELKAMP, Appellant.

1. A party may give jurisdiction to a justice of the peace by a voluntary renunciation of a part of his demand. It matters not in what way the reduction of the demand is made, so the amount claimed is within the jurisdiction of the justice.

*Appeal from St. Louis Law Commissioner's Court.*

This was an action commenced before a justice of the peace to recover the balance of an account. The plaintiff claimed for " services in putting up hay" in one Hickman's meadow. There were two credits of cash in the account, one of thirty dollars and the other of five dollars—reducing the amount to ninety-seven dollars. There was this further credit in the account as presented to the justice : " By groceries, $7"—reducing the amount claimed to ninety dollars. The evidence showed that the plaintiff and defendant cut and stacked the hay as partners, and that afterwards the defendant bought the plaintiff's interest, engaging to pay him seventy-five dollars and pay all the expenses of the cutting. In the account presented the seventy-five dollars appeared as an item for services in putting up the hay, and the other debit items were for various expenses of the cutting. Evidence was adduced by the defendant with a view to show that the farm and the hay belonged to one Hickman ; that the hay was cut down by plaintiff and defendant without authority, and that defendant afterwards paid Hickman for the hay.

Various instructions asked by the defendant were refused.

*Coleman*, for appellant.

I. The justice had no jurisdiction. A party may give a voluntary credit. (17 Mo. 258.) This is not a voluntary credit, or renunciation. It is an attempt to give jurisdiction by crediting on plaintiff's account a part of the defendant's account against him. This can not be allowed. (20 Mo. 497.) The plaintiff claims in his account seventy-five

dollars for services rendered by him in cutting hay. The account contains no item for hay, or any interest in hay sold by him to defendant. There is not merely a variance but a failure of proof. (19 Mo. 30.) The agreement as proved is within the statute of frauds. No part of the hay was delivered, nor any thing given in earnest, nor any note or memorandum made thereof. The defendant bought the hay of the true owner. The court erred in refusing the declarations of law offered.

*S. H. Gardner*, for respondent.

NAPTON, Judge, delivered the opinion of the court.

So far as the question of jurisdiction is concerned, we can not distinguish this case from that of Hempler v. Schneider, 17 Mo. 258. It is impossible for the court trying a case of this character to know what motive induces the abatement of the demand; it is sufficient that the plaintiff has reduced it within the limits prescribed for the jurisdiction of a justice.

As to the form in which the plaintiff's account was made out, which was for " services in putting up hay" instead of for the interest sold by the plaintiff to the defendant in a crop of hay put up at their joint expense, we do not think the matter very material. Nor had the statute of frauds any thing to do with the case, because the hay was unquestionably delivered, and there had also been payments upon the contract between plaintiff and defendant.

As to the title to the meadow on which the hay was cut, we do not see that it could have any influence upon the question raised between plaintiff and defendant. It does not appear that they were trespassers, and the fact that the defendant paid Hickman is not conclusive that Hickman's claim was any better than plaintiff's.

The other judges concurring, the judgment is affirmed.