GEORGE MATLACK *et al.*, Respondents, v. JOHN G. LARE, Appellant.

*Jurisdiction.*—A party may waive part of his demand for the purpose of giving jurisdiction to an inferior court. (Hempler v. Schneider, 17 Mo. 258, and Denny v. Eckelkamp, 30 Mo. 140, affirmed.)

*Mechanic's Lien—Description.*—For the purpose of enforcing a mechanic's lien, the real estate upon which the buildings are erected must be described with such certainty as to identify it.

*Appeal from St. Louis Law Commissioner's Court.*

Plaintiffs commenced suit in the Law Commissioner's Court, March 17, 1859, upon a mechanic's lien, filed in the

Matlack v. Lare.

office of the clerk of the St. Louis Land Court, March 14, 1859, for the sum of one hundred and fifty-seven dollars and sixty cents.

At the trial the plaintiffs offered in evidence a certified copy of the lien as filed in the Land Court, to the admission of which defendant objected, because the court had no jurisdiction over the sum of one hundred and fifty dollars. The plaintiffs thereupon asked leave to remit the sum of seven dollars and sixty cents of the amount claimed in the lien, so as to bring the demand within the jurisdiction of the Law Commissioner's Court; which was done.

The statement filed with the account in the Land Court described the property as two three-story brick houses, situated on the east side of Fifth street, between Franklin avenue and Morgan street, and reputed to be owned by the said John G. Lare.

*C. D. Colman,* for appellant.

I. The Law Commissioner's Court had no jurisdiction of the subject matter of the action, the amount claimed in the lien and petition exceeding one hundred and fifty dollars.

The St. Louis Land Court has exclusive original jurisdiction whenever the amount claimed exceeds one hundred and fifty dollars. (Laws 1857, p. 669, § 6.) The amount for which the lien is filed determines the jurisdiction. (R. C. 1855, p. 1072, § 28.)

II. The court erred in admitting the transcript of the lien filed in the Land Court, as neither the lien nor the petition contain any description of the property to which the lien is to apply.

*Knight,* for respondent.

I. The court had jurisdiction. (R. C. 1855, p. 1072; Act 1857, p. 668.)

II. The jurisdiction is to be determined, not by the amount claimed in the lien filed in the Land Court, but by the amount

claimed in the action to enforce the lien. (Act 1857, p. 669, § 6 & 7; Annis v. Bigney, 28 Mo. 247.)

III. The court did not err in permitting plaintiff to remit seven dollars and sixty cents, to bring the amount claimed within the jurisdiction of the court. (Denny v. Eckelkamp, 30 Mo. 140; Shreve v. Skeele, 31 Mo. 216.)

IV. There was no error in admitting evidence of the filing of the lien in the Land Court. (Cornelius v. Grant, 8 Mo. 59; Schulenburg v. Gibson, 15 Mo. 281; R. C. 1855, p. 730, § 41, 42; Acts 1857, p. 669, § 4.)

BAY, Judge, delivered the opinion of the court.

In Hempler v. Schneider, 17 Mo. 258, and Denny v. Eckelkamp, 30 Mo. 140, this court held that a party might give jurisdiction to an inferior court by a voluntary renunciation of a part of his demand. This cause, however, must be remanded, for the reason that there was no lien to enforce. To entitle the plaintiffs to a lien it was necessary for them to file with the clerk of the St. Louis Land Court a just and true account of their demand, which they seek to make a lien upon the buildings and a true description of the property, *or so near as to identify the same,* upon which the lien is intended to apply. In this case the account filed contains no such description of the property as would enable any person to identify it. It describes it as two three-story brick houses on the east side of Fifth street, between Franklin avenue and Morgan street. No boundary is given, nor is the number of the lot designated, nor does it even state that the property is in the city of St. Louis. To enforce a judgment upon a mechanic's lien, the law requires that the execution shall be a special *fieri facias*—such an execution issued upon this judgment would fail to disclose to the officer the property to be sold. He certainly could not identify the property by the description in the *fieri facias*. The defect is fatal as to any lien; but according to the decision in Patrick v. Abeles, 27 Mo. 184, the plaintiff may take a general

judgment, and to enable them to do so we shall remand the cause.

Judgment reversed and cause remanded, the other judges concurring.