AMELIA J. FULLER v. J. C. SPARKS ET AL.

1. A judgment in a justice's court rendered upon imperfect service cannot be attacked in an action in trespass against the officer for seizing property, under an execution issued under it.

2. An action lies against an officer for wrongfully seizing property under execution; it is not necessary to interfere by injunction.

3. An execution debtor can select what of his property he wishes to be exempted under the law, provided it be done in good faith and without attempting thereby to cover up other property from the officer seeking a levy.

4. A merchant has no right to divide his book account and sue upon each part, but he may credit the account so as to bring it within the jurisdiction of the justice's court, and maintain suit on such remainder.

APPEAL from Navarro. Tried below before the Hon. Francis P. Wood.

Amelia J. Fuller brought suit against J. C. & T. F. Sparks, J. A. Foster and J. Shegog, for the value of three horses, alleged to have been unlawfully taken and disposed of by the defendants for their own use.

Sparks et al. answered that the property had been seized and sold by Foster, acting constable, under a judgment rendered before Shegog, justice of the peace, for $99.50, in favor of J. C. & T. F. Sparks, and against Mrs. Amelia J. Fuller.

In replication, plaintiff (Mrs. Fuller) alleged that the said judgment in the justice's court was obtained by the fraudulent combination between Shegog, the justice, and

the plaintiff; that E. G. Fuller, her deceased husband, owed at his death to Sparks & Sparks an account of about one hundred and fifty dollars, which account was divided, and suit brought before Shegog, first for $99.50, upon which the judgment was rendered, and then for the remainder of the account; that the judgment was rendered without sufficient service of citation, etc.

The testimony showed that Foster, special constable, had seized the three horses, leaving two others in the pen at the residence of Mrs. Fuller, and had sold them under execution, upon a judgment for $99.50, as alleged, the justice testifying that Mrs. Fuller appeared before the justice, and acknowledged that the debt was just and promised to pay it. That Sparks & Sparks brought another suit for forty dollars against her, before the same justice, which they dismissed, after a plea to the jurisdiction had been interposed. That the horses levied on were the increase of her separate property.

Verdict for defendants. Motion for new trial overruled, and plaintiff appealed.

*Wm. Croft*, for appellant.

No brief on file for appellees.

OGDEN, P. J.—There is no such error in the judgment of this case as will require a reformation of the same. The judgment obtained in the magistrate's court was a subsisting and binding judgment until set aside or reversed on an appeal; and the execution issued upon that judgment was a sufficient authority to the officer making the levy, provided the property levied on was liable to be seized for the satisfaction of the judgment. But an officer who levies upon property not subject to be seized for the satisfaction of the execution in his hands, whether the same be the property of a third person, or whether it be-

longs to the judgment debtor, and is not subject to forced sale, does so at his peril; and the party who is injured by such unlawful seizure is not compelled, in order to protect his rights, to resort to the remedy by injunction, but may bring his suit directly against the officer for damages. There is nothing in the objection raised to the authority of the special constable. He was appointed under the forms of the law, and is not liable to an action of trespass, as acting without authority.

There can be no doubt that the horses levied upon, or at least some of them, were subject to seizure under the execution, as the evidence clearly shows that the judgment debtor had at least five horses, while she was not entitled to claim more than two as exempt from forced sale. The law evidently intended to protect to each family, exempted from forced sale, a team of two horses, to be used for the convenience and support of the family; and it would be but right and proper that the head of the family should have the privilege of selecting from among a number of horses, cows, or other exempted property, where there are a number of one kind, such as might be deemed most useful to the family, provided such selection were done notoriously and in good faith, and unaccompanied with an attempt thereby to cover up or hide other property from the officer seeking a levy. Had Mrs. Fuller, at the time the constable came to make the levy, made her selection, and pointed out to him the two animals she wished to hold as exempt from the levy, and also pointed out to him the remainder of the horses she owned which were subject to be levied upon, the law would have protected her in that choice; and the officer would have been liable for damages had he disregarded her rights thus made known to him.

A merchant has no right, under any circumstances, to divide his book or store account into two parts, so as to

bring either within the jurisdiction of a justice of the peace, and then bring a suit on each. This would be a fraud upon the jurisdiction of that court, which would not be tolerated. But a party who has an account against another, which exceeds the jurisdiction of a justice's court, may receipt that account, if he chooses, for all that exceeds that jurisdiction, and bring one suit on the balance due; and this was, in effect, what was done in the case which was the origin of this suit. There may be errors in the charge of the court, but, from a careful examination of the transcript, we are of the opinion that the errors, if any, did not mislead the jury, as substantial justice appears to have been attained by the judgment of the District Court, and it is affirmed.

·AFFIRMED·