### BURKE & AITCHESON v. ADOUE & LOBIT.

#### No. 136.

1. **Jurisdiction of County Court — Amendment to Confer.** —Appellees sued in the County Court on a note for $2500, upon which had been paid $1561.42, but the ten per cent attorney fee stipulated for in the note made the amount in excess of $1000. Defendants having filed demurrer and plea to the jurisdiction of the court, plaintiffs by amendment remitted all of the amount sued for as principal and attorney fees in excess of $1000. The real cause of action could not be thus reduced without the consent of the defendants, so as to bring the amount in controversy within the jurisdiction of the County Court, and the case is reversed and dismissed.

2. **Attorney Fees, Abandonment of Claim for.**—It may be that the claim for attorney fees was so entirely distinct from the debt that plaintiffs might have wholly abandoned it, and thus have obtained a standing in court upon a cause of action which the court had power to adjudicate, but this was not done. It was not permissible to abandon a part of that demand and recover the remainder. What court had the power to hear and adjudicate was determined by law, and the right to have the cause passed on in that forum belonged to the defendants as well as the plaintiffs.

3. **Remittitur of Damages to Confer Jurisdiction.** — When liquidated damages are claimed, plaintiff can not, by remitting a part, confer jurisdiction; when unliquidated damages are claimed, it can be done, provided no fraud upon the jurisdiction is practiced thereby, because in such cases there is no way to determine the amount in controversy, in advance of trial, except by the allegations made by plaintiff.

4. **Collateral Attack on Judgment because of Jurisdiction thus Obtained.**—When the attack upon a judgment for want of jurisdiction is made after the judgment has been rendered, upon the ground that jurisdiction has

been obtained by a remittitur of a part of the original cause of action, we hold that the court was not without jurisdiction of the subject matter in such sense as to render its judgment void for the amount sued for and adjudged, not exceeding the limits of its jurisdiction.

ON REHEARING.

5. Upon a Rehearing.—At request of appellees, the judgment of this court is so modified as to remand the case, in order that they may amend by abandoning the whole claim for attorney fees, and thus bring their claim within the jurisdiction of the County Court, being charged with all costs up to the filing of such amendment.

APPEAL from Galveston. Tried below before Hon. W. B. LOCKHART, County Judge.

*Scott, Levi & Smith,* for appellants.—1. When the damages are liquidated, and the matter in controversy exceeds $1000, exclusive of interest and costs, the County Court has no jurisdiction, and the case should be dismissed, either upon suggestion of defendant or upon the court's own motion.

Matter in controversy: Graham v. Roder, 5 Texas, 146; Bridge v. Ballew, 11 Texas, 270; Rose v. Riddle, 3 Willson's C. C., 298.

Fictitious credit: Kanouse v. Martin, 15 How., 198; 15 Am. Dec., 632; 1 Nott & McC. (S. C.), 192; 2 Nott & McC. (S. C.), 487; Hawes on Jur., sec. 10; Peter v. Schlosser, 81 Pa. St., 439; Cox v. Stanton, 58 Ga., 406; McClintock v. Skinner, 54 Am. Dec., 433; Ins. Co. v. Nichols, 109 U. S., 232; Thompson v. Butler, 95 U. S., 694.

2. After plea to jurisdiction filed and motion to dismiss made, in County Court, plaintiff can not give nor court acquire jurisdiction by entering remittitur, so as to bring amount claimed within court's jurisdiction, over defendant's objection, where matter in controversy exceeds $1000, exclusive of interest and costs. Rev. Stats., art. 1162; Burck v. Burroughs, 64 Texas, 445; Cotulla v. Goggan, 77 Texas, 34; Leeman v. Wheeler, 66 Texas, 155; Gay v. Barstow, 27 La. Ann., 166; Tippack v. Briant, 63 Mo., 580; Elderkin v. Spurbeck, 52 Am. Dec., 149; Brown on Jur., sec. 10; Wells on Jur., secs. 107, 62, 63, 56, 72.

*James B. & Chas. J. Stubbs,* for appellees.—1. Even if the court below had no authority to hear and determine the matter in controversy, because the amount originally sued for was in excess of the jurisdiction of the court, yet it could permit the filing of pleadings in the same cause, or under the same style and number, which stated a case within the jurisdiction of the court; or the rule may be thus expressed: "An amendment may be allowed to supply an allegation necessary to give the court

jurisdiction." McDannell v. Cherry, 64 Texas, 177; Ward v. Lathrop, 11 Texas, 287; Evans v. Mills, 16 Texas, 196.

2. The plaintiff may, either before or after suit is brought, voluntarily remit or release such portion of his demand as exceeds the jurisdiction of the court, so as to bring his claim within such jurisdiction. Fuller v. Sparks, 39 Texas, 138; Odle v. Frost, 59 Texas, 687; Duer v. Seydell, 20 Texas, 61; Tarbox v. Kennon, 3 Texas, 7; Graham v. Roder, 5 Texas, 141; Bridge v. Ballew, 11 Texas, 270; Mulhaul v. Feller, 1 W. & W. C. C., sec. 1162; Scott v. Railway, 4 Willson's C. C., sec. 287; Long v. Beckfield, 48 Ala., 608; Wright v. Smith, 76 Ill., 216; Raymond v. Strobel, 24 Ill., 113; Hemp v. Schneider, 17 Mo., 258; Denny v. Eikelkamp, 30 Mo., 140; Hapgood v. Doherty, 8 Gray, 373; Wilson v. Ins. Co., 37 N. W. Rep., 162.

WILLIAMS, ASSOCIATE JUSTICE.—This suit was brought in the County Court by appellee to recover upon a note signed by appellants, of date January 11, 1890, for $2500, upon which a payment had been made September 15, 1890, of $1561.42, and which stipulated for the payment of 10 per cent as an attorney fee in case suit should be brought on it. The balance of principal and the 10 per cent attorney fee amounted to more than $1000, and was beyond the jurisdiction of the court.

Defendants filed demurrer and plea to the jurisdiction of the court, and moved that the suit be dismissed for want of jurisdiction. The plaintiffs, without notice to defendants, obtained leave of the court, and filed a first supplemental petition, in response to defendants' motion and plea, in which they remitted "all of the amount sued for as principal and attorney fee in excess of $1000, and above and beyond the jurisdiction of the County Court, and asked judgment for not more than $1000, shown to be due by the original petition as principal and attorney fees, and for all legal interest due by the terms of the note."

Defendants filed objections and exceptions to the court's order allowing the filing and to the filing of said first supplemental petition and the said remittur, and insisted on their plea to jurisdiction and motion to dismiss. These exceptions, as well as the original plea to jurisdiction, were overruled, to which defendants excepted; and the motion to dismiss was denied, to which they also excepted, and cause was continued by court to next term. At the next term the cause was tried before the court, and resulted in a judgment for appellees for $1050, together with interest and costs.

It will be seen that appellees did not abandon the whole of the claim for attorney fee, but only so much of it as made their demand exceed $1000; and the question presented is, whether or not the real cause of action could be thus reduced, without the consent of the defendants, so as to bring the amount in controversy within the jurisdiction.

It may be true that the claim for the attorney fee was so distinct from the debt that the plaintiffs might have wholly abandoned it, and have thus obtained a standing in court upon a cause of action which the court had power to adjudicate. But this was not done. The effort was to abandon a part of that demand and recover the remainder. Upon principle, it would seem that this was not permissible. The cause of action upon the note was entire, and was a liquidated demand, as was the stipulated fee. What court had the power to hear and adjudicate it was determined by law. The right to have the cause passed upon in that forum belonged to defendants as well as to the plaintiffs, and the arbitrary action of neither could deprive the other of its enjoyment.

There are authorities which hold, that a creditor may enter a fictitious credit on his claim in order to bring it within the jurisdiction of an inferior tribunal; but none of them, so far as we have examined, have given reasons which are satisfactory. It is generally assumed that the indebtedness exists as claimed, and that the debtor has no interest in objecting to a reduction of it, and therefore no right to complain of the attempt thus to confer jurisdiction. But this is a begging of the question. The very thing to be adjudicated is the question whether or not there is an indebtedness, and this question both parties are entitled to have determined by the tribunal to which the law has given jurisdiction over the cause of action.

In cases of liquidated demands which constitute entire causes of action, we can discover no sound principle which would clothe the plaintiff with such a power as is claimed. When unliquidated damages are sued for, there is no way in which the amount of the subject matter in controversy is to be determined in advance of a trial, except by the allegations made by the plaintiff, and this of necessity puts it in his power to determine the question of jurisdiction. Even here, however, he will not be permitted to practice a fraud on jurisdiction, if the issue be properly made. When the amount to which the plaintiff appears, from his allegations, to be entitled is a fixed sum, and is beyond that which the law has empowered the court to adjudicate, the plaintiff should not be permitted to enter a fictitious credit for the avowed purpose of giving jurisdiction.

The authorities which recognize such right, as far as we have examined, are: Wright v. Smith, 76 Ill., 216; Raymond v. Strobel, 24 Ill., 113; Hemp v. Schneider, 17 Mo., 258; Denny v. Eikelkamp, 30 Mo., 140; Hapgood v. Doherty, 8 Gray, 373; Wilson v. Insurance Co., 37 N. W. Rep., 162. Contra: Bent v. Graus, 15 Am. Dec., 632; St. Armand v. Gerry, 1 Nott & McC., S. C. Rep., 192; Brown v. Gerry, 2 Id., 487; Peter v. Schlosse, 81 Pa. St., 406; Cox v. Stanton, 58 Ga., 406; James v. Stokes, 77 Va., 225.

The question, whether or not the plaintiff, before suing, could enter a fictitious credit merely to bring his case within the jurisdiction, was re-

ferred to in Mabry v. Little, 19 Texas, 339, where Judge Wheeler said,. "It is at least questionable whether it can be done." The point was left undecided, as the case turned on other questions. In Fuller v. Sparks, 39 Texas, 138, the question was again referred to, and it was said that the right to thus abandon a part of a debt before suit existed. In Odle v. Frost,. 59 Texas, 687, the case last cited was referred to without comment.

In all of these cases it was sought to attack the judgment collaterally,. the objection to the proceeding not having been taken in the original suit, and it was held that such an attack could not be sustained. We would not be understood as disturbing or questioning the conclusions. thus reached. In such cases the court is not without jurisdiction over the subject matter, in such sense as to render its judgment void for the amount sued for and adjudged not exceeding the limit of the jurisdiction fixed by law; all question as to whether the cause of action was as alleged is concluded by the judgment. But when the objection is made in the original suit, by the defendant asserting his right to have his cause heard in the proper forum, and when it appears that a cause of action for a fixed and liquidated sum has been reduced in order to confer jurisdiction,. the right of the defendant to have his cause tried in the forum established by law should be respected. Here, on the face of the pleadings, it confessedly appears, that after the defendants had entered their exceptions and plea to the jurisdiction, the plaintiffs, for no reason but to reduce their cause of action so as to meet the objection, undertook to divide a demand which was an entirety. They should not have been allowed to do so.

We do not mean to hold that a plaintiff may not amend so as to bring his case within the jurisdiction of the court when his cause of action as then set up is, in fact, such as the court has the power to adjudicate. Such a case is not presented where his own allegations show that the subject matter of the controversy is beyond the power of the court, and he seeks to change it into a fictitious one within such power.

Appellees were not bound to claim the 10 per cent attorney fees, and had they not in their pleadings set up that cause of action, the court. would have had jurisdiction. Having set it up, they could perhaps have abandoned it, as it was distinct and severable from the principal of the note; but they could not, while setting it up, reduce its amount for the. purpose of conferring jurisdiction.

*Reversed and dismissed.*

Delivered April 27, 1893.

<hr>

### ON MOTION FOR REHEARING.

WILLIAMS, Associate Justice.—Having examined the motion for rehearing, we see no reason to alter or modify the opinion heretofore rendered.

At request of appellees, the judgment of this court will be so modified as to remand the case, in order that they may so amend as to bring their cause within the jurisdiction of the County Court.

If they shall amend their petition so as to wholly abandon their claim for attorney fees, it will be proper for the County Court to entertain their suit, adjudging against them the costs accrued prior to the filing of such amendment. Unless such amendment is made, the court below will dismiss the suit.

Delivered June 23, 1893.