WILSON v. WARE et al. (No. 5,254.)

(Court of Civil Appeals of Texas. San Antonio. April 15, 1914. Rehearing Denied May 13, 1914.)

1. PAYMENT (§ 42*)—PAYMENT—APPROPRIATION OF PAYMENTS.

If there was no appropriation of a payment made upon a promissory note, it would be applied to the interest.

[Ed. Note.—For other cases, see Payment, Cent. Dig. § 121; Dec. Dig. § 42.*]

2. JUSTICES OF THE PEACE (§ 44*)—JURISDICTIONAL AMOUNT.

Where the principal and interest of the note sued on, when added to the 10 per cent. attorney's fee provided for in the note, amounted to $201.61, a justice's court did not have jurisdiction in the action.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 157–172; Dec. Dig. § 44.*]

3. JUSTICES OF THE PEACE (§ 42*)—JURISDICTIONAL AMOUNT.

The fact that the amount in controversy was only $1.61 over $200, the jurisdictional amount of a justice court, cannot be considered in order to give it jurisdiction of the action.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 148; Dec. Dig. § 42.*]

Appeal from Uvalde County Court; T. M. Milam, Judge.

Action by John T. Wilson against O. L. Ware and others. From a judgment of dismissal, plaintiff appeals. Affirmed.

J. L. McCammon, of Sabinal, for appellant. H. C. King, of Sabinal, and L. Old and L. E. Lanier, both of Uvalde, for appellees.

FLY, C. J. This is a suit for the balance due on a promissory note, with interest and attorney's fees, instituted by appellant against O. L. Ware and J. W. Ware, appellees, in the justice's court of precinct No. 2, Uvalde county. Appellant sued for $196, including attorney's fees, and the cause was dismissed on the ground that the attorney's fees and the balance of the principal of the note amounted to more than $200. The cause was appealed to the county court, where the appeal was dismissed for want of jurisdiction.

[1] The note was executed on June 7, 1907, and was for $227, due in one year, or before, and provided for 8 per cent. interest per annum from date, and for 10 per cent. attorney's fees on principal and interest in case the note was placed in the hands of an attorney for collection, or suit was brought thereon. On November 10, 1907, all of the interest to that date and $50 on the principal had been paid, leaving due the sum of $177. On May 1, 1908, there was a payment of $2.45. There was no appropriation of the payment, and under those conditions the payment would be applied to the interest: Hampton v. Dean, 4 Tex. 455; Hearn v. Cuthbert, 10 Tex. 216; Tooke v. Bonds, 29 Tex. 419.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

[2] When the payment was made, on November 10, 1907, the principal was reduced to $177, and there was due on the note on December 13, 1912, principal, $177, and $69.15, interest, amounting in the aggregate to $246.15. Ten per cent. on that sum for attorney's fees would amount to $24.61, which, added to the principal sum of $177, would be $201.61. That sum was not within the jurisdiction of the justice's court.

In the case of Burke v. Adoue, 3 Tex. Civ. App. 494, 22 S. W. 824, 23 S. W. 91, it was held: "It may be true that the claim for the attorney fee was so distinct from the debt that the plaintiffs might have wholly abandoned it, and have thus obtained a standing in court upon a cause of action which the court had power to adjudicate. But this was not done. The effort was made to abandon a part of that demand and recover the remainder. Upon principle, it would seem that this was not permissible. The cause of action upon the note was entire, and was a liquidated demand, as was the stipulated fee. What court had the power to hear and adjudicate it was determined by law. The right to have the cause passed upon in that forum belonged to defendants, as well as to the plaintiffs, and the arbitrary action of neither could deprive the other of its enjoyment." That decision was approved by the Supreme Court in Railway v. Canyon Coal Company, 102 Tex. 478, 119 S. W. 294.

[3] The smallness of the excess cannot be taken into consideration. As said by the Supreme Court in Clark v. Brown, 48 Tex. 212: "This being a question of jurisdiction determinable by a particular amount in dollars and cents, to wit, $200, the smallness of the deficiency in reaching that amount is immaterial, if it can certainly be ascertained by a proper calculation that an appreciable deficiency does actually exist." In that case the amount sued for in the justice's court amounted to $199.80.

The judgment is affirmed.