GULF, C. & S. F. RY. CO. et al. v. HAMRICK.
(No. 6557.)

(Court of Civil Appeals of Texas. San Antonio. May 11, 1921. Rehearing Denied June 1, 1921.)

1. Courts ⬳169(3)—Total of items comprises amount in controversy in county court.

Under Const. art. 5, § 16 (Rev. St. art. 1764), the county court has no jurisdiction of causes where the matter in controversy exceeds $1,000, exclusive of interest, the matter in controversy not being the amount prayed for or the amount stated generally in the petition, where the items going to make up the total value of damages are specifically stated, and the aggregate sum differs from the amount prayed for or stated generally, the total of the items specifically set out comprising the "matter in controversy" in case of such conflict.

2. Appeal and error ⬳1178(8)—Court, where jurisdictional amount exceeded only by inadvertence, will remand for amendment.

Ordinarily, in cases of appeals from the county court, which had no jurisdiction on account of the amount of the matter in controversy, the proper practice is to reverse the judgment and remand, with instructions to the county court to dismiss the cause, but where it was only by amended petition that the jurisdictional amount was exceeded, and defendant appellant, by exception, and in the motion for new trial, raised the jurisdictional question only in the most general terms, while the excess in amount was hidden by a miscalculation due to inadvertence, the Court of Civil Appeals will not order dismissal, but merely remand, that plaintiff may amend if he so desires.

3. Railroads ⬳5½, New, vol. 6A Key-No. Series—Judgment fixing lien against properties of dismissed defendant owning road under federal control erroneous.

After dismissal of defendant railway company from the suit which continued against defendant Director General of Railroads, it was error for the trial court to render judgment fixing a lien against the properties of the railroad to secure payment of judgment rendered against the Director General.

Appeal from Johnson County Court; O. O. Chrisman, Judge.

Suit by J. T. Hamrick against the Gulf, Colorado & Santa Fé Railway Company and another. Judgment for plaintiff, and defendants appeal. Reversed, and cause remanded.

Brown & Lockett, of Cleburne, and Terry, Cavin & Mills and O. B. Wigley, all of Galveston, for appellants.
S. C. Padelford, of Fort Worth, for appellee.

SMITH, J. Appellee, as plaintiff below, sued the railway company and the Director General of Railroads for damages resulting from alleged improper handling of a ship-ment of 93 head of appellee's cattle from Cleburne to the North Fort Worth market. The railway company was dismissed from the suit, and the Director General has appealed from an adverse judgment.

[1] Appellee, in his trial petition, alleged generally that his damages amounted to $967.60, and prayed for recovery in that amount. In addition to, and in explanation of, these general allegations, however, he also set out the specific items comprising his total damages, the first item being a shrinkage in the weight of the cattle amounting to a loss of $297.50, and the other item being the depreciation in the selling value of the cattle resulting in a loss of $1.50 per hundredweight on 49,000 pounds, which, correctly calculated, amounts to $735 (and not $670 as alleged by appellee). As will be seen, the two items, of $297.50 and $735, aggregate a total alleged damage of $1,032.50.

The county court has no jurisdiction of causes where the "matter in controversy" exceeds $1,000, exclusive of interest. Const., art. 5, § 16 (article 1764, R. S.). The matter in controversy is not the amount prayed for, nor the amount stated generally in the petition, where the items going to make up the total value or damages are specifically stated and the aggregate sum thereof differs from the amount prayed for, or stated generally. The total of the items specifically set out comprises the "matter in controversy" in case of such conflict. Ry. v. Berry, 177 S. W. 1187; Wilson v. Ware, 166 S. W. 705; Ry. v. Coal Co., 102 Tex. 478, 119 S. W. 294; Times Co. v. Hill, 36 Tex. Civ. App. 389, 81 S. W. 806; Burke v. Adoue, 3 Tex. Civ. App. 494, 22 S. W. 824, 23 S. W. 91; Tel. Co. v. Hawkins, 85 S. W. 847. Here the total of the items of damage specifically set out was in excess of $1,000, and for the purpose of determining jurisdiction the amount so ascertained will control, notwithstanding the general allegations fixed the amount of damages at a sum within the jurisdictional amount, and the prayer for recovery was only for that sum. The fact that there was an excess of only $32.50 does not matter. In Tel. Co. v. Hawkins, supra, the excess was only 25 cents; in Wilson v. Ware, supra, $1.61. Nor does it matter that appellee in his petition calculated the loss of $1.50 per hundredweight on 49,000 pounds of beef to be $670, since the correct sum of this alleged loss was $735, and the actual total of the specific items of damage alleged by appellee is $1,032.50, of which amount the county court was without jurisdiction. The judgment must be reversed.

[2] Ordinarily, the proper practice, in cases of this character, as prescribed by the Supreme Court in Ry. v. Coal Co., supra, is to reverse the judgment, and remand, with instructions to the court below to dismiss the cause. But in this case, in his original peti-

tion the plaintiff alleged damages in the amount of $800, which gave the court jurisdiction. It was by an amended petition that the jurisdictional amount was exceeded. The defendant, by exception, and in the motion for new trial, raised the jurisdictional question, but only in the most general terms, and as the excess in jurisdictional amount was hidden by miscalculation, obviously due to an inadvertence, we are not disposed to order a dismissal, but only to remand, so that the plaintiff below may amend, if he so desires. This course is authorized by the authorities, we believe. Ross v. Anderson. 1 White & W. Civ. Cas. Ct. App. § 1032; Ry. v. Barnett, 27 Tex. Civ. App. 498, 66 S. W. 474; Braggins v. Holekamp, 68 S. W. 57; Burke v. Adoue, 3 Tex. Civ. App. 494, 22 S. W. 824, 23 S. W. 91; Ry. v. Hamilton, 108 S. W. 1002.

The matters complained of by the Director General in the second to seventh assignments of error are not likely to arise in another trial. The statements under the eighth to fourteenth assignments of error are insufficient to entitle those assignments to consideration, and the fifteenth, complaining of the insufficiency of the evidence to support the verdict, becomes immaterial.

[3] As stated, the plaintiff dismissed the railway company from the suit. Notwithstanding this fact, however, the court below rendered judgment fixing a lien against the properties of the railway company to secure the payment of the judgment rendered against the Director General of Railroads. This was error, of course. The railway company not being a party to the suit, the court was without authority to render any sort of judgment against it.

The judgment is reversed, and the cause remanded.