## TAYLOR v. BUZAN. (No. 6767.)

(Court of Civil Appeals of Texas. San Antonio. May 24, 1922.)

1. **Courts 170—Amount in controversy determined by body of petition, and not prayer for relief.**

In testing the jurisdiction of a court, the amount in controversy is determined by the allegations in the body of the petition, and not in the prayer for relief.

2. **Courts 169(8) — Defendant could not amend prayer for recovery merely for purpose of bringing the case within the jurisdiction of the county court.**

In action for reasonable value of services in which the allegations in the petition showed the reasonable value of the services to be in excess of $1,000, the plaintiff could not, by amendment of the prayer for relief so as to seek recovery of an amount less than $1,000, bring the case within the jurisdiction of the county court.

Appeal from Somerville County Court; R. L. Bryan, Judge.

Suit by Joe Buzan against J. M. Taylor. Judgment for plaintiff, and defendant appeals. Reversed and dismissed.

S. G. Tankersley, of Glen Rose, and F. E. Johnson, of Cleburne, for appellant.

Estes, Estes & Roark and Levi Herring, all of Glen Rose, for appellee.

SMITH, J. Appellee, as plaintiff below, sued appellant, as defendant below, for wages at the rate of $125 per month for a period of eight months and five days, which plaintiff alleged to be the reasonable value of the services he performed for defendant. Thus the amount in controversy was alleged to be $1,020.80, which was beyond the jurisdiction of the county court, in which the action was brought. At the close of the testimony, plaintiff, with leave of the court, but over the objections of defendant, filed a trial amendment, in which he adopted his "said first amended original petition herein filed, with the exception that he now claims for only $120 per month in lieu of $125 per month, and of this he prays the judgment of the court as prayed for in his first amended original petition, except the amount involved." By this amendment, the prayer for recovery was reduced from $1,020.80, which was beyond the jurisdiction of the court, to $980, which was within that jurisdiction.

[1] In testing the jurisdiction of a court, the amount in controversy is determined by the allegations in the body of the petition, and not in the prayer for relief. If the aggregate of the items of damage set out in the petition is in excess of, or below, the jurisdictional amount, then the court is without jurisdiction, even though the amount stated in the prayer, and for which recovery is asked, is within the jurisdiction. Railway v. Hamrick (Tex. Civ. App.) 231 S. W. 166, and authorities there cited.

[2] It is conceded that according to the petition the value of plaintiff's services, for which he sought to recover, was in excess of the jurisdictional amount. These allegations were made through no mistake or inadvertence, such as a typographical error, or inaccurate calculation. If they had been, the error could have been corrected by an amended pleading, subject to the trial court's sound discretion. Railway v. Hamrick, supra; Evans v. Mills, 16 Tex. 196; McDannell v. Cherry, 64 Tex. 177; Greer v. Drug Co., 1 Tex. Civ. App. 634, 20 S. W. 1127. But here the allegations were made deliberately, and appellee testified upon the trial to the facts as alleged, which entitled him to recover a sum in excess of the court's jurisdiction, if the jury had so found. In this predicament, he sought to amend, not for the purpose of correcting a mistake or inadvertence by which he was misled into asserting an erroneous jurisdictional fact, but for the purpose of reducing his claim for recovery from above to within the jurisdictional amount. In other words, he sought to remit a sufficient amount of his damages to enable him to get into court. This could not be done. Railway v. Coal Co., 102 Tex. 478, 119 S. W. 294; Wilson v. Ware (Tex. Civ. App.) 166 S. W. 705; Railway v. Hamilton (Tex. Civ. App.) 108 S. W. 1002. After the trial amendment was made effective, there remained in the plaintiff's pleadings the allegations that the value of his services, or the amount of his damages, was $125 per month for the period specified, while the amendment affected only the "amount involved," as fixed in the prayer. Thus he was still asserting a cause of action for $1,020.80. The amendment, then, if properly allowed, did not remedy the evil aimed at.

We do not think this jurisdictional error could have been cured by amendment, however. Appellee had deliberately, and in obvious good faith, asserted a cause of action of which the court had no jurisdiction. In such situation, any amendment designed to confer jurisdiction would have been obviously a legal fraud, and should not be permitted. It would be just as objectionable, and for the same reason, as would an original petition in which the amount in controversy was falsely stated for the purpose of conferring jurisdiction. If either evil was permitted, it would enable plaintiffs to select their forum through fraud, without regard to the law or the rights of defendants.

It is apparent that appellee deliberately asserted a cause of action of which the county

court had no jurisdiction, and he could not thereafter confer jurisdiction by placing a fictitious value on that cause of action. The judgment of the court below will be reversed, and the cause dismissed.

Reversed and dismissed.