**DOCKERY v. SHAW & ROGERS. (No. 56.)**

(Court of Civil Appeals of Texas. Waco. March 24, 1924. Rehearing Denied April 17, 1924.)

1. **Justices of the peace ⊙=141(4)—Limit of amount in controversy in county court on appeal stated.**

The county court on appeal from a justice of the peace cannot adjudicate a claim in excess of $200, the limit of the jurisdiction of the justice.

2. **Courts ⊙=170—Amount of damages asserted and not amount prayed for amount in controversy relative to jurisdiction.**

Relative to jurisdiction of court over cross-action, the amount of damages asserted by defendants, as shown by their pleading considered as a whole, and not the amount for which they pray judgment, is the amount in controversy.

3. **Justices of the peace ⊙=174(10)—Conditions of recovery in county court of damages from detention of property pending appeal stated.**

Continuing damages from detention of property accruing pending appeal from justice court may be sued for and recovered in the county court on such appeal, provided the total amount claimed in the county court does not exceed $200, the limit of its jurisdiction on such an appeal.

4. **Appeal and error ⊙=1114—Direction on reversing judgment of county court, on appeal from justice, for entertaining cross-action, amended to exceed jurisdiction.**

Where the original cross-action lodged in justice court was for an amount within its jurisdiction, but on appeal to the county court it was amended to assert a claim for an amount exceeding such jurisdiction, the Court of Civil Appeals in reversing the county court's judgment will not direct the county court to dismiss the cross-action entirely, as would be proper had the original pleading asserted a cause of action exceeding its jurisdictional limit, but will permit defendants to reassert in the county court their original cross-action, or to

amend so long as the amount in controversy is kept within its jurisdiction.

Error from McLennan County Court; Giles P. Lester, Judge.

Action by T. B. Dockery against Shaw & Rogers. Defendants in the county court on appeal from a justice of the peace had judgment on an amended cross-action, and plaintiff brings error. Reversed and remanded to county court.

Johnston & Hughes, of Waco, for plaintiff in error.

Allen McDonnell, of Waco, for defendants in error.

GALLAGHER, C. J. T. B. Dockery, plaintiff in error, hereinafter styled plaintiff, sued Shaw & Rogers, defendants in error, hereinafter styled defendants, in the justice court to recover the sum of $60 alleged to be due for rent on a certain business house in Waco, and for foreclosure of landlord's lien on certain restaurant furniture and equipment. Defendants by cross-action sued for damages in the sum of $199. The trial in the justice court resulted in judgment in favor of plaintiff for the sum of $45 rent and foreclosure of the landlord's lien claimed by him, and a judgment in favor of defendants for the sum of $199. Plaintiff carried the case to the county court by appeal. The case was there tried before a jury on February 2, 1923. The jury found that defendants were indebted to ,plaintiff in the sum of $45 rent, and that defendants were entitled to recover the sum of $199 as damages. The court applied the sum found by the jury in favor of plaintiff as a credit on the sum found in favor of defendants, and rendered judgment in their favor against plaintiff for the sum of $154, and ordered execution therefor to issue. Plaintiff has brought the case to this court for review by writ of error..

The plaintiff contends that the county court was without jurisdiction of defendants' cross-action. The transcript from the justice court shows. that 'the plaintiff sued for $60 for rent accruing during February and March, 1922, and for foreclosure of landlord's lien, and that such suit was instituted April 7, 1922. Said transcript further shows that defendants on May 3, 1922, pleaded a cross-action of $199.' Nothing further. is shown concerning the pleadings in the justice court. In the county court both parties pleaded orally, but all that was said in that connection was taken by a stenographer and transcribed, and his report thereof incorporated in the transcript from the county court as the pleadings of the parties on said trial.

Plaintiff in the county court sued for rent for the month of February and the first half of the month of March' at the rate of $40 per month, and for foreclosure of landlord's lien

on certain personal property described and valued as follows:

"One small gas stove of the value of $10; one counter of the value of $5; one small show case of the value of $2; one coffee urn of the value of $7.50; 4 stools of the value of 50 cents each; three small iceboxes of the value of $5, aggregate $15; a few small items of tinware, used in the restaurant business, of the value of $5; dishes of the value of $5; three glass jars 50 cents each, and about a dozen tin knives and forks, value, 50 cents."

Defendants denied that they were liable for rent at that rate, but admitted that they owed rent for the time sued for at the rate of $30 per month. Defendants pleaded that, about two weeks after they removed their property from the rented premises, it was unlawfully seized by plaintiff, and held by him continuously until the time of that trial. Defendants did not plead either the items or value of the property so seized. Defendants further pleaded their damages sued for by cross-action as follows:

"These defendants allege that their damages by reason of the wrongful seizing of their property and withholding same from them, amounts in the excess of $199, but they sue for $199 as an offset, and for no more, because this suit originated in the Justice Court, and they are unable to sue for their actual damages for the wrongful detention of the property at this time, and I want it understood that this suit is not a suit for conversion of the property, by reason of the fact that this court has no jurisdiction for a sufficient amount, but this suit is simply for a wrongful detention of the property."

Plaintiff excepted generally to said cross-action, and specially thereto on the ground that said cross-action as pleaded exceeded the jurisdiction of the county court, and such exceptions were overruled. During the trial a controversy arose between counsel for plaintiff and counsel for defendants concerning proof of the proper measure of the damages claimed by defendants, and counsel for defendants, then, under leave of the court, pleaded a trial amendment in terms as follows:

"Then we make a trial amendment, alleging the reasonable rental value of the property as being $5 per day; that the property has been unlawfully withheld from the defendants from March until this time."

[1, 2] The county court having acquired jurisdiction of this cause on appeal from the justice court, it could not adjudicate a claim asserted therein which exceeded the sum of $200, the constitutional limit of the jurisdiction of the justice court in which said cause originated. In determining the jurisdiction of the court over the cross-action asserted by defendants, the amount of damages alleged to have been suffered by them, as shown by their pleadings considered as a whole was the amount in controversy, and not the amount for which judgment was prayed. Pecos & N. Texas Ry. Co. v. Canyon Coal Co., 102 Tex. 478, 480, 119 S. W. 294; Times Pub. Co. v. Hill, 36 Tex. Civ. App. 389, 81 S. W. 806, 809, and cases there cited; Burke v. Adoue, 3 Tex. Civ. App. 494, 22 S. W. 824, 23 S. W. 91; Houston & T. C. Ry. Co. v. Lewis (Tex. Civ. App.) 185 S. W. 593, 595; West v. McMahon (Tex. Civ. App.) 208 S. W. 674; St. Louis S. W. Ry. Co. v. Berry et al. (Tex. Civ. App.) 177 S. W. 1187; Taylor v. Buzan (Tex. Civ. App.) 241 S. W. 1084. Defendants in the county court specially pleaded that their damages exceeded $199, but that they sued for said sum, and no more, because the cause originated in the justice court. According to their pleadings, their property was seized somewhere about the last of March, 1922, and the trial was had in the county court February 2, 1923. Approximately ten months had elapsed between the seizure so alleged and the trial in the county court. They expressly alleged in their trial amendment that their property had been withheld from them from March, 1922, up to the time of said trial, and that the reasonable rental value of the same was $5 per day during such time. Damages at the rate of $5 per day for ten months amounted in the aggregate to approximately $1,500. There was no limit as to the time for which such damages were claimed. The only limit to the recovery sought was the prayer, which was for $199 only. Defendant's pleadings were broad enough to authorize evidence of rental value in any sum not exceeding $5 per day from March, 1922, to February, 1923. The issue of defendant's damages as submitted and found by the jury is as follows:

"What sum of money, if paid now, would equal a reasonable rental value of the property held by plaintiff Dockery from the 15th of March, 1922, to the date of trial? Answer: $199.

The facts proved at the trial are not before us, and we cannot say what period of time was considered by the jury in estimating defendant's damages at said sum, but we are justified in assuming that the evidence covered the time stated by the court in the issue so submitted.

[3, 4] Defendants claim that their original cross-action as lodged in the justice court on May 3, 1922, was within the jurisdiction of the court at that time. The sum then claimed was $199. There is nothing in the transcript from the justice court to show upon what basis the damages so claimed were calculated. Even if such damages were based on alleged rental value and calculated at $5 per day, they would not have amounted to more than the sum so claimed at that time. It is true, as claimed by the defendants, that the damages alleged by them in their trial amendment in the county court were of a continuing nature, and, so long as the detention continued unchanged, steadily in-

creased with the effluxion of time. It is also true, as claimed by defendants, that such damages accruing pending appeal may be sued for and recovered in the county court on such appeal, but the total amount claimed in the county court must not exceed the sum of $200, the limit of its jurisdiction in such cases, and the judgment recovered must not exceed said sum. Fort Worth. & D. C. Ry. Co. v. Underwood, 100 Tex. 284, 286, 99 S. W. 92, 123 Am. St. Rep. 806; Railway v. Crenshaw, 51 Tex. Civ. App. 198, 112 S. W. 117. The cause of action asserted by defendants in their amended cross-action in the county court exceeds not only its appellate but also its original jurisdiction. For the error of the court in entertaining said amended cross-action and rendering judgment thereon such judgment will be reversed. The original cross-action lodged by defendants being apparently within the jurisdiction of the justice court, we will not instruct the county court to dismiss defendant's cross-action entirely. Such is the rule in reversing a judgment on original pleadings asserting a cause of action over which the trial court had no jurisdiction, but upon which it attempted to render judgment. Fruit Dispatch Co. v. Rainey, 111 Tex. 266, 267, 232 S. W. 281; Turnbow v. Bryant, 107 Tex. 563, 566, 181 S. W. 686. Plaintiff's exception to defendant's amended cross-action as pleaded in the county court should be sustained, and defendants should be permitted to reassert their original cross-action as of the date it was lodged in the justice court, or to amend the same so long as the amount in controversy in such amendment is within the appellate jurisdiction of the county court. If continuing damages are again claimed at a specific rate, the cause of action asserted should be so limited as to time that the aggregate damages alleged will not exceed the jurisdiction of the court. McDannell v. Cherry, 64 Tex. 177; Hufstutler v. G., C. & S. F. Ry. Co. (Tex. Civ. App.) 216 S. W. 495; Taylor v. Lee (Tex. Civ. App.) 139 S. W. 908, 909; Miller v. Newbauer (Tex. Civ. App.) 61 S. W. 974, 975; Braggins v. Holekamp (Tex. Civ. App.) 68 S. W. 57; S. A. & A. P. Ry. Co. v. Barnett, 27 Tex. Civ. App. 498, 66 S. W. 474, 475, 476; G., C. & S. F. Ry. Co. v. Hamrick (Tex. Civ. App.) 231 S. W. 166; Burke v. Adoue, 3 Tex. Civ. App. 23 S. W. 91; M., K. & T. Ry. Co. v. Hughes, 44 Tex. Civ. App. 436, 98 S. W. 415.

Defendants contend that, where, as in this case, the damages sought to be recovered are of a continuing nature so that they will continue to accrue during the pendency of the suit, jurisdiction of the court is tested by the amount of such damages as have accrued at the time of filing the petition or cross-action, as the case may be, asserting such damages, and that, having rightfully acquired jurisdiction, such court will retain jurisdiction to adjudicate such continuing damages as the complainant may suffer during the pendency of the suit and prior to the final trial thereof. They cite in support of this contention the case of Hegman v. Roberts (Tex. Civ. App.) 201 S. W. 268. Siensheimer v. Insurance Co. (Tex. Civ. App.) 157 S. W. 228; Klabunde v. Hardware Co. (Tex. Civ. App.) 182 S. W. 715; Adair v. Stallings (Tex. Civ. App.) 165 S. W. 140, and Sulzberger v. Hille (Tex. Civ. App.) 187 S. W. 992, also sustain such contention. Having reached the conclusion that the county court was without jurisdiction in this case to adjudicate a claim for damages exceeding $200, or to render judgment for any sum on such a claim, and that our Supreme Court has, if not expressly, at least in effect, so held, we are unwilling to follow the rule announced in said cases.

The judgment of the trial court is here reversed, and the cause is remanded to the county court for another trial not inconsistent herewith.